UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


KEOKE RANKER                                    CIVIL ACTION

VERSUS                                          NO. 21-451

HARRAH'S NEW ORLEANS                            SECTION M (1)
MANAGEMENT COMPANY, LLC, *et
al.*

## <u>ORDER</u>

Before the Court is a motion for a more definite statement filed by defendants Harrah's

New Orleans Management Company, LLC and Jazz Casino Company, LLC (together,

"Defendants") pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.[1]  The motion was

set for submission on April 7, 2022.[2]  Local Rule 7.5 of the United States District Court for the

Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no

later than eight days before the noticed submission date, which, in this instance, was March 30,

2022.  Plaintiff Keoke Ranker, represented by counsel, did not file an opposition.  Accordingly,

because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 11.

[2] R. Doc. 11-3.

[3] This case concerns an alleged slip-and-fall injury the plaintiff sustained at Harrah's casino in New Orleans, Louisiana.  R. Doc. 11-1 at 2 (citing R. Doc. 1-2 at 2).  Following its removal to federal court, the case was stayed for several months.  R. Doc. 1;10.  Once the stay lifted, Defendants filed this motion.  In their motion, Defendants argue that the plaintiff's petition "is impermissibly vague, is premised upon unsupported legal conclusions, and is devoid of sufficient factual allegations to put Defendants on notice of the claims against them." *Id.* at 4.  First, Defendants argue that the plaintiff's identity is unclear. *Id.* at 2.  Second, Defendants contend that the petition is thread-bare because the plaintiff did not plead sufficient factual information regarding the causes of action but makes only conclusory allegations. *Id.* at 5.  Finally, Defendants maintain that the petition "does not clearly identify the theories of liability against Defendants." *Id.*  Therefore, they argue, the plaintiff should be ordered to amend the petition to cure these deficiencies. *Id.* at 6.

"Federal Rule of Civil Procedure 12(e) allows a party to request a more 'definite statement' of a complaint when it is 'so vague or ambiguous that the party cannot reasonably prepare a response.'" *United Specialty Ins. Co. v. Truong*, 2021 WL 3809097, at *11 (E.D. La. Aug. 26, 2021) (quoting *Bowie v. Hodge*, 2020 WL 3104799, at *3 (E.D. La. June 11, 2020)), *reconsideration denied*, 2021 WL 5961651 (E.D. La. Dec. 16, 2021), *appeal docketed*, No. 22-30027 (5th Cir. Jan 18, 2022).  "The moving party 'must point out the defects complained [of] and the details desired.'" *In re JCC Env't, Inc.*, 575 B.R. 692, 697 (E.D. La. 2017) (quoting Fed. R. Civ. P. 12(e)).  "Rule 12(e) motions are generally disfavored, in that 'in view of the great liberality of Federal Rule of Civil Procedure 8, permitting notice

IT IS ORDERED that Defendants' Rule 12(e) motion for a more definite statement (R.

Doc. 11) is GRANTED.

IT IS FURTHER ORDERED that Ranker must amend her petition to provide a more

definite statement within fourteen (14) days of the date of this order.


New Orleans, Louisiana, this 1st day of April, 2022.


_____

BARRY W. ASHE

UNITED STATES DISTRICT JUDGE

---

pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss.'" *Truong*, 2021 WL 3809097, at *11 (quoting *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006)). Accordingly, "[m]otions for a more definite statement are generally granted only when the complaint is 'so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" *Adams v. Walker*, 2021 WL 1894865, at *2 (E.D. La. May 11, 2021) (quoting *Phillips v. ABB Combustion Eng'g, Inc.*, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013)). "'A court should not dismiss a claim that fails to meet the pleading requirements without giving leave to amend unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so.'" *Truong*, 2021 WL 3809097, at *12 (quoting *Burress v. Chase Card*, 2020 WL 1216703, at *1 (N.D. Tex. Feb. 18, 2020)). "The district court 'is given considerable discretion in deciding whether to grant a Rule 12(e) motion.'" *Bowie*, 2020 WL 3104799, at *3 (quoting *Murungi v. Tex. Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009)).

    Here, the plaintiff's petition is so excessively vague and ambiguous that if Defendants were to attempt an answer, it could result in serious prejudice. In part, that's because the identity of the plaintiff is uncertain. As Defendants note, the petition identifies the plaintiff as Keoke Ranker; however, a factual allegation in the petition refers to an individual named Denise Jones seemingly as the person who was injured. R. Doc. 11-1 at 4 (citing R. Doc. 1-2 at 1-2). What is particularly prejudicial is that the petition refers only once to Ranker, once to Jones, and then generally to "plaintiff." *See* R. Doc. 1-2. Consequently, Defendants are not given proper notice of the circumstances that give rise to the claims when they cannot even identify the plaintiff. *See Bowie*, 2020 WL 3104799, at *3 ("'A complaint will be deemed inadequate only if it fails to (1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist.'") (quoting *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999)). In addition, the petition is short on material factual allegations and fails to identify with clarity the claims sought to be made, much less an outline of their elements. Such deficiencies are not incurable, however. Therefore, the Court grants the plaintiff, whomever he or she may be, leave to amend the petition to cure these issues. *See Truong*, 2021 WL 3809097, at *12.